UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROSHEANA R. LEACH, | Case No. 17-12821 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| COMMISSIONER OF SOCIAL SECURITY, | U.S. MAGISTRATE JUDGE |
| Defendant. | ANTHONY P. PATTI |

**ORDER ADOPTING REPORT AND RECOMMENDATION [14], OVERRULING PLAINTIFF'S OBJECTION [15], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

Plaintiff seeks judicial review of an Administrative Law Judge (ALJ) decision denying her application for disability benefits. On January 8, 2018, Plaintiff filed a Motion for Summary Judgment [Dkt. #10]. On March 10, 2018, Defendant filed a Motion for Summary Judgment [18]. On August 17, 2018, the Magistrate Judge issued his Report and Recommendation (R&R) [14], recommending that the Court deny Plaintiff's motion and grant Defendant's. Plaintiff filed Objections [15] on August 30, 2018. Defendant filed a Response to Plaintiff's Objections [16] on September 7, 2018.

For the reasons stated below, the Court **ADOPTS** the R&R [14]. Plaintiff's Motion for Summary Judgment [10] is **DENIED**. Defendant's Motion for Summary Judgment [13] is **GRANTED**.

**FACTUAL BACKGROUND**

The R&R summarized the record as follows (footnotes omitted):

### A. Background and Administrative History
Plaintiff alleges her disability began on March 22, 2014, at the age of 47. (R. at 125, 127.) She lists several conditions (knee pain, hip pain, back pain, high blood pressure, depression, insomnia, and mood swings) that limit her ability to work. (R. at 153.) Her applications were denied on October 22, 2014. (R. at 48-85.)

Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). (R. at 86-87.) ALJ Andrew G. Sloss held a hearing on April 27, 2016. (R. at 26-47.) He issued an opinion on June 6, 2016, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 8-25.) On July 14, 2017, the Appeals Council denied Plaintiff's request for review. (R. at 1-5, 121-124.) Thus, ALJ Sloss's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on August 25, 2017. (DE 1.)

### B. Plaintiff's Medical History
The administrative record contains approximately 508 pages of medical records, all of which was available to the ALJ at the time of his decision. (R. at 25, 234-741 [Exhibits 1F – 16F].) They will be discussed in detail, as necessary, below.

### C. The Hearing and Administrative Decision
Plaintiff, who was represented by counsel, and vocational expert Michele Robb testified at the April 27, 2016 hearing. (R. at 26-47.) On June 6, 2016, ALJ Sloss issued his decision. (R. at 8-25.) Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at Step 1 of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 22, 2014, the alleged onset date. (R. at 13.) At Step 2, the ALJ found that Plaintiff

had the following severe impairments: obesity, cardiomyopathy, and osteoarthritis. (Id. at
13-15.) At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Id. at 15.) Between Steps 3 and 4 of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")1 and determined that Plaintiff had the RFC to "perform light work . . . [,]" except "she can only frequently climb ramps or stairs and balance, and she must avoid concentrated exposure to hazards." (Id. at 15-18.) At Step 4, the ALJ determined that Plaintiff was capable of performing past relevant work as a cleaner and as a childcare worker, as such work did not require the performance of work-related activities precluded by her RFC. (R. at 18-19.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 22, 2014, through the date of the decision. (R. at 20.)

## STANDARD OF REVIEW

The Court conducts de novo review of objections to a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1)(c).

Judicial review of a decision by a Social Security ALJ "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir. 2001) (internal quotation marks omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if there is also substantial evidence to support the opposite conclusion. *Colvin v. Barnhart,* 475

F.3d 727, 730 (6th Cir. 2007). On the other hand, the substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)). Further, "[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 937 (internal quotation marks and citations omitted).

## ANALYSIS

### I. The ALJ's Consideration of Plaintiff's Depressive Disorder, Obsessive Compulsive Disorder, And Bi-Polar Disorder

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ adequately addressed the Plaintiff's behavioral impairments. (Pl.'s Obj. at 2-3). Plaintiff relies on an October 1, 2014 CE report by Karen Marshall, Psy. D., L.P that discusses Plaintiff's "severe irritability" and recommends that Plaintiff "will have difficulty completing tasks in a workplace environment due to decrease in concentration, forgetfulness." (R. at 356-359). Dr. Marshall also diagnosed bipolar disorder and obsessive compulsive disorder. (R. at 359). The ALJ partially discounted Dr. Marshall's diagnoses on the grounds that her conclusions

F.3d 727, 730 (6th Cir. 2007). On the other hand, the substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)). Further, "[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 937 (internal quotation marks and citations omitted).

## ANALYSIS

### I. The ALJ's Consideration of Plaintiff's Depressive Disorder, Obsessive Compulsive Disorder, And Bi-Polar Disorder

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ adequately addressed the Plaintiff's behavioral impairments. (Pl.'s Obj. at 2-3). Plaintiff relies on an October 1, 2014 CE report by Karen Marshall, Psy. D., L.P that discusses Plaintiff's "severe irritability" and recommends that Plaintiff "will have difficulty completing tasks in a workplace environment due to decrease in concentration, forgetfulness." (R. at 356-359). Dr. Marshall also diagnosed bipolar disorder and obsessive compulsive disorder. (R. at 359). The ALJ partially discounted Dr. Marshall's diagnoses on the grounds that her conclusions

"[did] not match the medical examination from [the medical consultative exam]." (R. at 14). As the Magistrate Judge noted, citing 20 C.F.R. §§ 404.1527(c)(1)-(4) for the SSD's guidelines on weighing medical opinions, "it is clear that the ALJ considered the lack of a treatment relationship (based on Dr. Marshall's role as a CE), as well as the examining relationship, supportability and/or consistency factors, when discounting Dr. Marshall's opinion." (R&R at 19-20).

Plaintiff's first objection very closely tracks her initial argument that the ALJ failed to consider the effects of her psychological and behavioral conditions in violation of SSR-96Sp. (Pl.'s Summ. J. Mot. at 9-10). The Magistrate Judge observed, however, that the ALJ did consider treatment for OCD, bipolar disorder, and depression, and deemed them all "non-severe." (R&R at 20-21 *citing* R. at 13-14). Plaintiff looks to SSR 96-Sp for the proposition that even non-severe conditions must be taken into account by the ALJ to determine if their cumulative effect narrows the range of possible employment. *See Katona v. Comm'r of Soc. Sec.,* No. 14-CV-10417, 2015 WL 871617, at \*6 (E.D. Mich. Feb. 27, 2015) ("[Twenty C.F.R. § 404.1521(a)] contemplates that non-severe impairments may very well impose some type of limitation on basic work activities; accordingly, an ALJ's conclusion that an impairment is non-severe is not tantamount to a conclusion that the same impairment—either singly or in combination with a claimant's other impairments—does not impose any work-related restrictions."). In

*Katona*, however, the "[p]laintiff's mental impairments may have been excluded from consideration all together." *Id*. at *6. That is not the case here.

In this case, the ALJ thoroughly considered the plaintiff's non-severe mental impairments. He concluded "the medical findings in the in the treatment notes and during the psychological consultative examination reports is the best indicator of the claimant's longitudinal baseline and psychological condition, and this evidence does not show the claimant manifesting significant and persisting psychological symptoms interfering with claimant's daily activities, socialization, or cognition." (R. at 14). Further, as the Magistrate Judge observed, the ALJ cited the Plaintiff's own testimony that though her implantable cardioverter defibrillator ("ICD") procedures were causing some depression, "she generally denied having any other psychological symptoms." (R. at 14). The ALJ also cited Dr. Lazzara's CE report for the proposition that Plaintiff's current enrollment in college was evidence of "significant mental functioning." (*Id*., R. at 364).

Plaintiff, therefore, has not carried her burden of showing that the ALJ lacked substantial evidence to conclude that her non-severe mental impairments were cumulatively not sufficient to preclude her from employment.

## II. The ALJ's Determination that the ALJ Did not Err by Concluding that the Plaintiff Did not Need a Cane

Plaintiff objects to the Magistrate Judge's determination that the ALJ did not err by finding that the Plaintiff did not require an assistive device to walk or stand. (Pl.'s Obj. at 4-6). The ALJ, when considering the Plaintiff's purported inability to walk unassisted, first looked to the ALJ's Step 3 conclusion, "the evidence does not show a gross anatomical deformity of a major peripheral joint that results in an inability to ambulate effectively or to perform fine and gross movements effectively." (R&R at 13; R at 15.)

The Magistrate Judge also considered the ALJ's decision to accord one physician's testimony greater weight than another. The ALJ gave "significant weight" to the non-examining medical consultant, Dr. Quan Nguyen, M.D., explaining that his opinion was "consistent with the medical findings in the treatment notes…supported by the observations of the medical consultative examiner…and consistent with the claimant's history of conservative treatment for osteoarthritis." (R. at 17). The ALJ gave "partial weight" to Dr. R. Scott Lazzara on the grounds that his finding that Plaintiff was limited to sedentary work was not supported by the medical record. (*Id.*). Plaintiff has not shown error in ALJ's assignment of greater weight to Dr. Nguyen's opinion than Dr. Lazzara's opinion, and the Magistrate Judge is correct to note that "the ALJ gave good and clear

reasons for the specific weight assigned to each of them." (R&R at 16, *citing* SSR 96-2P, 20 C.F.R. §§ 404.1527(c)(2)(3), 416.927(c)(2)(3)).

The two physicians, while disagreeing on the ultimate scope of Plaintiff's abilities, both fell short of finding that Plaintiff needed a cane for daily activities on level ground. Dr. Nguyen found that Plaintiff experiences "[difficulties] ambulating across rough terrain due to her obesity and knee arthritis." (R. at 17). Dr. Lazzara observed "significant deterioration in the left knee" which in turn had caused compensatory damage to Plaintiff's "right knee, hip, and back." (Tr. At 368). Nevertheless, Dr. Lazzara opined, "The use of a cane for pain control and on even ground for balance would be helpful." (Tr. at 368). As such, Plaintiff does not carry her burden of proving the ALJ was in error by failing to consider a need for an assistive device in the RFC calculation.

## III.   The Magistrate Judge's Finding that the ALJ's Decision was Supported by Substantial Evidence

Plaintiff objects to the Magistrate's finding that the ALJ's decision was supported by substantial evidence, and to this end the Plaintiff musters an array of ailments and purported disabilities: recurrent abdominal pain, abrupt severe chest pain, congestive heart failure, degenerative joint disease, depressive disorder, bipolar disorder, and obsessive compulsive disorder. (Pl.'s Obj. at 6-8). The Magistrate Judge's treatment of the ALJ's findings on Plaintiff's psychological

conditions and degenerative joint conditions have been addressed, respectively, by the Court's discussion of Plaintiff's first two objections.

Plaintiff fails to allege specific objections to the Magistrate Judge's discussion of the ALJ's findings in regard to Plaintiff's digestive and cardiovascular problems. As Defendant observes, this Court is not obligated to address such a general restatement of Plaintiff's Motion for Summary Judgment. *Funderburg v. Comm'r of Soc. Sec.* No. 15-10068, 2016 WL 1104466. Objections that merely rehash a party's arguments on Summary Judgment "undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013).

Indeed, the Magistrate specifically found that the ALJ did not err in finding that Plaintiff's heart condition—stemming from her recovery from an April, 2017 implant of an ICD—did not meet the twelve month durational requirement required to qualify for a disability under SSID guidelines. (R. at 16-17). The ALJ gave great weight to Plaintiff's treating doctor, Mohammed Obied, D.O., and Dr. Obied opined that Plaintiff could not work for six-to-twelve months following her surgery. (R. at 17). The ALJ also considered an April 11, 2016 chest x-ray that confirmed the pacemaker was "in position as described with no evidence of pneumothoriax or…no acute intrathoracic disease[.]" The ALJ concluded,

"[a]lthough this condition could impose significant physical limitations, it is currently too soon to tell or prognosticate that the claimant will experience any such limitations for 12 consecutive months." (R. at 17). The Magistrate found that there is nothing prohibiting an ALJ from making such a ripeness finding, and Plaintiff has suggested nothing to the contrary. (R&R at 9, *citing Harris v. Comm'r of Soc. Sec.,* No. 09-CV-14184, 2010 WL 2884643, at *5 (E.D. Mich. June 28, 2010, *report and recommendation adopted*, No. 09-14184, 2010 WL 2884644 (E.D. Mich. July 20, 2010)(acknowledging a consultative examiner's finding that it was too soon to determine if claimant's condition would exceed one year). Plaintiff thus has not carried her burden of showing that the ALJ based his conclusion that her cardiovascular condition precluded her from employment on anything less than substantial evidence.

Plaintiff's brief mention of her abdominal ailments appear word-for-word as they appeared in the Statement of Facts in her Motion for Summary Judgment [10], unaccompanied by any argument of error in the R&R, so they will not be considered by this Court. Fed. R. Civ. P. 72(b)(3).

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation [14] is **ADOPTED** and, except as otherwise noted, entered as the conclusions and findings of the Court. Plaintiff's Objections to the R&R [15] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [13] is **GRANTED**. Plaintiff's Motion for Summary Judgment [10] is **DENIED**.

**SO ORDERED**.

Dated: September 12, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge